# CARROLL,

## JANUARY TERM, A. D. 1858.

---

### WHITTEN & a. v. WHITTEN & a.

A bill in equity lies for partition.

Where a conveyance by deed is alleged in a bill, it is not necessary to aver that the deed was delivered.

To maintain a proceeding for partition, the applicant must show a present right of possession. It is not enough that he shows a right of entry for condition broken.

If a bill is brought against several for partition, and also to set aside a deed, or compel a reconveyance against one, it will be multifarious, the other defendants having no interest in the deed or reconveyance.

IN EQUITY. The bill alleges that on the 16th of December, 1854, Jesse Whitten, Senior, by his deed of that date, duly signed, sealed, witnessed, acknowledged and recorded in the Carroll county registry, conveyed to the plaintiff one half his homestead farm in Wolfborough, bounded northerly by Smith's Pond, easterly by land of D. Whitten, southerly by Crooked Pond, Whitten's River, and the road leading from Whitten's Neck to the road leading from Wolfborough to Ossipee, and westerly by the road from Wolfborough to Ossipee, in common and undivided with the heirs of Jesse Whitten, Jr.

At the same date the plaintiff gave his bond to Jesse Whitten, Jr., by him signed and sealed, conditioned for the support of said Jesse, Senior, for life.

On the same day he gave to Henry A. Whitten a quitclaim deed of the premises, duly signed, sealed and acknowledged, in which there was a condition written as follows, viz: Provided the said Henry A., his heirs, &c., shall in all things indemnify and save harmless me and my heirs, for the support of my father, Jesse Whitten, agreeably to a bond by me this day signed, then this deed to be good and valid, otherwise void.

Henry A. has failed entirely to fulfil this condition, and the plaintiff has had to pay for the support of his father, said Jesse Whitten, for one year prior to the filing of this petition. The plaintiff has demanded of Henry A. that he should pay him the expense to which he has been liable and has paid for the support of said Jesse, and said Henry A. has neglected and refused to pay said expenses, amounting in all to $50.

By reason of the neglect and refusal of said Henry A. to pay the plaintiff said expense for the support of said Jesse, the said deed, given by the plaintiff to said Henry A., is made void and of no effect, and the plaintiff is still the owner of the premises therein described, in common and undivided with the heirs of Jesse Whitten, Jr., according to his deed from Jesse Whitten, Senior.

According to the last will and testament of Jesse Whitten, Jr., said Henry A. Whitten and Joseph J. Whitten are the *heirs* of said Jesse Whitten, Jr., who own and hold the other half of the premises described in Jesse Whitten, Senior's, deed to the plaintiff, in common and undivided with him.

Henry A. Whitten, by his mortgage, dated April 7, 1856, has conveyed to Thomas L. Whitten all his interest in the property described in Jesse Whitten, Senior's, deed to the plaintiff.

About the last of April or first of May, 1855, Henry A. Whitten gave to George W. Hersey a deed of a certain portion of the land described in the deed from Jesse Whitten, Senior, to the plaintiff, which lot is bounded northerly by Smith's Pond, easterly by Whitten River, southerly by the road and land of Lawrence Y. Johnson, westerly by land of B. F. Parker and D. Whitten, and land in possession of Joseph J. Whitten.

Henry A. Whitten represented to the plaintiff that the sole and only object of this deed was to make the said Hersey an agent, and empower him to make a settlement of certain claims made by the grantees and heirs of Jesse Whitten, Senior, and of Jesse Whitten, Jr., against the Winnepissiogee Lake Cotton and Woolen Manufacturing Company, for damage done to the land bordering upon Whitten's River, by the operations of said company, and that, when a settlement of said claims was effected, the premises conveyed by said Henry A. Whitten to Hersey were to be re-conveyed by said Hersey to his grantors. By said representations of said Henry A. the plaintiff was induced to sign said deed without any consideration whatever: Wherefore he says he should not be held to surrender his title to said premises, but that said Hersey should be required, according to his agreement, to reconvey said premises to said Henry A. and the plaintiff, his grantors.

Said Henry A. and said Joseph W. are, at the time of filing this petition, in possession and occupancy of all the premises described in the deed from Jesse Whitten, Sr., to the plaintiff; and the plaintiff is thereby prevented from occupying his half of said premises, in common with the above-named heirs of Jesse Whitten, Jr., and is deprived of all income thereof by said Henry A. and Joseph J.

In consideration whereof, &c., and forasmuch, &c., to the end that said Henry A., Joseph J., Thomas L., and George W. Hersey may, upon their several oaths, &c.; that said George W. Hersey may be required to re-convey, by a good and sufficient deed, the land above described as held by him, to said Henry A. and the plaintiff; that the plaintiff may have a just and fair partition of the premises described in the deed of Jesse Whitten, Sr., to the plaintiff, between him and the said Henry A. and Joseph J.; that each party may have possession of his just and proper moiety of said premises, and that a line of partition may be fixed and established between the respective moieties of said Henry A. and Joseph J. on the one part, and of the plaintiff on the other part; and for other and further relief, &c.,

prays subpœnas to Henry A., Joseph J., Thomas L. and George W. Sworn to September 5, 1856. No evidence of filing, or order of notice, or subpœnas. A deputy sheriff returns, September 10, 1856 : "I left at the last and usual place of abode of each of the within named Henry A., Joseph J., Thomas L. Whitten, and George W. Hersey, an attested copy of this petition."

To this bill a general demurrer was filed, May 20, 1857.

No objections are stated, except that the deed of Jesse W. is not alleged to be delivered ; no entry for condition broken is stated ; the conveyance to Hersey divests the plaintiff's title.

*Z. Batchelder*, for the defendants.

1. The petitioner for a partition ought to state his own title and the titles of the defendants. 1 Story's Eq. 651, note. That, the plaintiff has failed to do in this case. He begins by saying that Jesse Whitten, Sr., deeded one half of his farm, which implies that he retained the other half himself. He does not say whether the defendants, H. A. Whitten and J. J. Whitten, own the other half in common and undivided, or each has a separate interest in distinct parts of one half, how much one owns, and how much the other. He does say that H. A. Whitten deeded a particular part of the homestead farm to one of the defendants, Hersey, without saying that J. J. Whitten joined in that conveyance. And then he says that H. A. Whitten conveyed all his interest to Thomas L. Whitten ; and, if it does not appear what interest H. A. Whitten had, it does not appear what interest Thomas L. Whitten has.

2. It does not appear, and it is not in effect stated, that the deed from Jesse Whitten to D. Whitten was ever delivered. The allegation that the deed was duly signed, sealed, witnessed, acknowledged and recorded, not implying that it was delivered, as all these acts might have been done without a delivery to the plaintiff; nor does it appear from any thing stated that the petitioner ever saw said deed, or had it in his possession, or had any control over it.

3. The petitioner claims an undivided half of said farm, by reason of the non-performance of the condition in the deed from him to H. A. Whitten. He alleges the neglect of said Henry, but does not aver that he had entered for condition broken, or made claim upon the land, which was necessary to make his title good. He has stated his title, and that is not a good one. 4 Kent's Com. 126, 127 ; 2 N. H. 120 ; 8 N. H. 481.

4. A petition for partition lies only for one who has a seizin in fact in the premises. *Brown* v. *Brown*, 8 N. H. 95. But nothing is stated in this petition to show that the plaintiff was ever seized in fact in the undivided half of said farm since he conveyed it to said Henry, but enough is stated to show that he was not so seized at the time he petitioned. He says " That Henry A. Whitten and Joseph J. Whitten are, at the time of filing this petition, in possession and occupancy of all the premises described in the first above mentioned deed, from Jesse Whitten, Sr., to Daniel Whitten, and the petitioner is thereby prevented from occupying his half of the above described premises in common with the above named heirs of Jesse Whitten, Jr., and is deprived of all income thereof by the said H. A. and J. J. A seizin in fact is when actual possession is taken. 6 Jac. Law Dic. 41. In this case the plaintiff complains that he is kept out of possession.

5. From the petitioner's own showing he has no legal title to the land which he deeded to the defendant, Hersey, and therefore that defendant may demur on that account, and the demurrer is joint and several.

*C. F. Hill*, for the plaintiff.

The petition is sufficient in form. 1. It is provided by the statute that the plaintiff's application may be made to the Supreme Court in writing, setting forth a description of the premises, of the plaintiff's share therein, and all the persons interested therein. Comp. Stat., chap. 219, sec. 2. This is the only provision made by our statutes in relation to the form of a petition for partition.

2. The plaintiff has not, in his petition, set forth in technical form that the deeds therein described were *delivered.* But he has set forth that fact in substance, in that he has alleged all the evidence of a delivery, in the words, "signed, sealed, acknowledged and recorded," and these allegations being admitted by the demurrer, the description of the plaintiff's title is sufficient for the purposes of this petition. It is a well settled rule that the registry and possession of a deed, duly executed by the grantee, is *primâ facie* evidence of a delivery. Chitty on Contracts 3 ; 4 Kent's Com. 455, 456, notes; *Canning* v. *Pinkham,* 1 N. H. 353. A demurrer admits all facts positively alleged in the petition. Story's Eq. Pl., sec. 452. And the answer of a mortgager to a bill of foreclosure, denying the delivery of the mortgage, is not in itself sufficient to overcome the presumption of delivery arising from the possession of the mortgage by the mortgagee, duly executed, acknowledged and recorded. *Commercial Bank* v. *Reckless,* 1 Halst. 650.

3. The plaintiff alleges that he is owner of one half of the premises in question, and this allegation is admitted by the demurrer.

4. There is, in the petition, a proper joinder of defendants under the rule. " All persons having an interest in the object of the suit ought to be parties." Calvert on Parties 3–11 ; Story's Eq. Pl., secs. 76, 77 ; *Ladd* v. *Harvey,* 27 N. H. (7 Foster) 372 ; *Busby* v. *Littlefield,* 31 N. H. (11 Foster) 193.

5. If it is held by this court that there is a misjoinder of defendants in the petition, these defendants cannot take advantage of such misjoinder under their general demurrer. If there is a misjoinder of defendants, those only can demur who are improperly joined. Story's Eq. Pl., secs. 237, 544, and notes. A misjoinder may not be subject to demurrer at all. Rules S. C. U. S. 53 ; *Pringle* v. *Cook,* 3 Y. & C. 666 ; Story's Eq. Pl., sec. 238. The joinder or nonjoinder of mere nominal or formal parties will not ordinarily be allowed by the court as a valid objection to the bill. Story's Eq. Pl., sec. 229.

6. The plaintiff, in his petition, shows sufficient grounds upon

which the court can base a decree of partition. A petition for partition may be maintained, though the petitioner be not in actual possession. *Miller* v. *Dennett*, 6 N. H. 109. If the petition shows a doubtful title only in the plaintiff, it is sufficient to support the petition. Story's Eq. Pl., sec. 512, note ; *Morrill* v. *Foster*, 25 N. H. (5 Foster) 333. Where one general right is claimed by the bill, though the defendants have separate and distinct rights, a demurrer will not hold. Story's Eq. Pl., secs. 271, 278, 279, 289 and 530, note.

It is said the petition cannot be maintained because he has not entered for condition broken. We show a deed, conditioned to be valid if the grantee does certain things, otherwise to be null and void. The breach is admitted. Possession is not necessary to maintain the petition, and therefore no entry is required. *Hunt* v. *Hazelton*, 5 N. H. 216 ; *Whittemore* v. *Shaw*, 8 N. H. 393. A petition must lie where the petitioner has not a present right, otherwise he is without remedy where he cannot enter without a breach of the peace. A writ of entry cannot be maintained for an undivided portion of the whole. The plaintiff must have partition before he can enter. When the condition was broken the deed was void and the grantor's title perfect.

BELL, J. This bill is in the form of a bill for partition, and it may be properly regarded as a bill in equity. We think such a bill may be well maintained. There are no negative words in the statute providing for a partition upon petition, and the partition of real estate is an undoubted branch of equity jurisdiction. The proceeding in equity is much more simple and convenient than that provided by the statute, which is rendered difficult and annoying by a great number of rigid rules as to details.

If it should be regarded as a petition under the statute, its form would deserve little commendation, since most of its statements are merely irrelevant and immaterial.

1. It is objected that the plaintiff, in alleging his title by deed from Jesse Whitten, Sr., has not set out any delivery of the

deed, and has thus failed to show any valid title in himself. But there does not seem to us to be any substantial foundation for this objection. It is enough to allege a conveyance by deed. A delivery is implied in the very nature of a deed. We have found no form in legal or equitable proceedings where the delivery of a deed is alleged. The usual form is to allege that the party, by his deed or indenture, bearing date, &c., granted or demised, &c. Equity Draftsman 320, 169, 183, 185, 189 ; 2 Ch. Pl. 218, 219, 223, 217, 216, 215 ; Gould's Pl. 189, sec. 42. In Arch. Civ. Pl. 138, it is said "Delivery, though essential to a deed, is never averred in pleading." Cro. El. 738 ; Cro. Jac. 420 ; 2 Ld. Ray. 1538; 1 Saund. 291, n. 1.

2. It is said that no averment is made of any entry for condition broken, and the plaintiff is not by his own showing seized of any such interest in the land as entitles him to maintain either a bill in chancery or a petition under the statute for a partition. This objection seems to us well founded. In the case of *Brown* v. *Brown*, 8 N. H. 95, it was held that a party, whose interest in the estate is only a remainder after a freehold estate, could not maintain a petition for partition. And it was said by the court that a petition for partition lies only for one who has a seizin in fact of the premises. If he has been disseized it does not lie. *Bonner* v. *Proprietors*, 7 Mass. 475. The right of a party who is entitled to take advantage of a condition broken, seems a much more slender title than that of a reversioner. He has but a right to enter, of which he may or may not take advantage ; and if he waives the forfeiture, as he may, the partition would be without effect.

3. As to the part of the land conveyed to Hersey, the plaintiff shows that he has no title at law or in equity. He has voluntarily conveyed it to Hersey for the purpose of making some settlement with the Lake Company. He states no contract of Hersey, but only what Henry A. Whitten told him. Perhaps he might state a case entitling him to set aside his conveyance to Hersey as fraudulent, or entitling himself to a recon-

veyance from Hersey, or to charge Hersey as his trustee, but at present he has not done it.

4. But the bill is multifarious. It asks for a partition between himself and his co-tenants, Henry A. and Joseph J. Whitten: to which he might be entitled as against them and Thomas L., the mortgagee of Henry A., if he showed a title in himself. It also asks for a reconveyance of the land conveyed to Hersey, which is a matter entirely between himself and Hersey, with which the other three defendants have no interest or concern. Matters thus entirely unconnected cannot be joined. Story (Eq. Pl. 224, &c., section 275) states almost this precise case: Where a bill was brought for a partition, and also to set aside a lease made by the plaintiff to a third person of a part of the estate, on the ground of fraud, it was held the bill was multifarious; for the parties against whom the partition was sought ought not to be involved in any litigation as to the validity of the lease in which they have no interest. *Whaley* v. *Dawson*, 2 Sch. & Lef. 367, 370, 371, S. P.; 1 Dan. Ch. 390; *Banks* v. *Walker*, 2 Sandf. Ch. 344; *Boyd* v. *Hoyt*, 5 Paige 65; *Swift* v. *Eckford*, 6 Paige 22.

If a joint claim against two is improperly joined in the same bill, with a separate claim against one of them, both or either may demur, and the bill will be dismissed as to those who demur.